Kathryn J. Halford (CA State Bar No. 68141)
khalford@wkclegal.com
Elizabeth Rosenfeld (CA State Bar No. 106571)
erosenfeld@wkclegal.com
Nicholas Starkman (CA State Bar No. 291373)
nstarkman@wkclegal.com
**WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA 91436
Telephone: (818) 501-8030 ext. 331
Facsimile: (818) 501-5306

Attorneys for Plaintiff Board of Trustees of the Teamsters and Food Employers Security Trust Fund

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS AND FOOD EMPLOYERS SECURITY TRUST FUND,<br><br>Plaintiff,<br><br>vs.<br><br>KEENEY TRUCK LINES, INC. also known as KEENEY TRUCK LINES,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>[29 U.S.C. §185] |

Plaintiff alleges as follows:

## **JURISDICTION**

1. Jurisdiction is conferred upon this court by the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §1001 e*t seq.* and by the Labor-Management Relations Act of 1947, as amended ("LMRA"), §301(a), 29 U.S.C. §185(a).

## VENUE

2. In accordance with section 502(e) of ERISA, 29 U.S.C. §1132(e) venue is appropriate in the Central District of California as the place where the Trust is administered and where the contractual obligations alleged herein are to be performed.

## PARTIES

3. The Trust is an express trust which was established pursuant to collective bargaining agreements between various employers and local unions affiliated with the International Brotherhood of Teamsters ("IBT"), in industries affecting commerce.

4. The Trust was created and is maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) and is an "Employee Welfare Benefit Plan" within the meaning and definition of ERISA section 3(1), 29 U.S.C. § 1002(1). It is a "multiemployer plan" within the meaning of sections 3(37)(A), 29 U.S.C. § 1002(37)(A), and Section 515 of ERISA, 29 U.S.C. § 1145 and is subject to the provisions of Section 302(c)(5) of the LRMA, 29 U.S.C §186(c)(5). The Trust is administered in the City of West Covina, within the jurisdiction of this District.

5. Plaintiff, the Board of Trustees of the Teamsters and Food Employers Trust ("Plaintiff" or "Board"), is the Administrator of the Trust and its members are fiduciaries with respect to the Trust within the meaning of ERISA §21(A), 29 U.S.C. § 1002(21)(A).

6. Plaintiff is informed and believes and thereon alleges that during all times relevant herein, Defendant Keeney Truck Lines, Inc. also known as Keeney Truck Lines, ("Keeney") was and is a corporation organized and existing under and by virtue of the laws of the state of California and doing business within the jurisdiction of this Court.

7. This complaint is prosecuted pursuant to the LMRA § 301(a), 29 U.S.C. §185, and pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145 to enforce the provisions of ERISA against an employer engaged in an industry affecting commerce.

## FIRST CLAIM FOR RELIEF

(Breach of Contract)

8. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 7, as fully set forth herein.

9. At all times relevant herein, Keeney has been bound to a written collective bargaining agreement ("Labor Agreement") with Local 848 of the International Brotherhood of Teamsters ("Union"), whereby Keeney agreed to make contributions to the Trust on behalf of its employees performing work covered by the Labor Agreement ("Labor Agreement").

10. At the time Keeney executed the Labor Agreement, Keeney also executed a Trust Acceptance and Contract Data forms for the Trust whereby Keeney became bound to the terms and conditions of the Agreement and Declarations of Trust establishing the Trust (the "Trust Agreement") and agreed to pay contributions at specified rates to the Trust on behalf of employees performing bargaining unit work. The Labor Agreement and Trust Agreement are collectively referred to as "Agreements". At all times relevant herein, the Agreements have been in full force and effect.

11. The Agreements require each Employer to report and pay contributions to the Trust on behalf of all regular employees covered by the Agreements on the by the 20th day of each month during the term of the Agreements. In accordance with the terms of the Agreements reports and contributions are delinquent if the contribution report and payment to the Trust Fund is not post marked by the 20th day of the month in which the contribution is due.

-3-
COMPLAINT

12. At all times mentioned herein, it was and now is impracticable and extremely difficult to fix the amount of actual damage to the Trust as a result of nonpayment of contributions. The amount agreed upon in the Agreements, as and for liquidated damages, represented and now represents a reasonable endeavor to ascertain and compensate for the damages caused to the Trust by the nonpayment of contributions and/or failure of an employer to timely submit contributions to the Trust. The Agreements sets the amount assessed as and for liquidated damages, and not as a penalty, at ten percent (10%) of the delinquent contributions, or fifteen dollars ($15.00), whichever amount is greater.

13. The Trust Agreement further provides that, if an employer is delinquent with submission of reports and/or contributions, an employer must pay interest on the delinquent contributions at the rate prescribed under Title 26 U.S.C.§6621 and pay any attorney fees and costs incurred by the Trust in the collection.

14. Plaintiff is informed and believes and upon that basis alleges that at all times relevant herein Keeney employed workers covered by the provisions of the Labor Agreement for whom contributions were required to be paid to the Trust.

15. Keeney has failed to timely report and pay contributions by the 20th day of the month is which they were due for the months of November 2014, and November 2015 through August 2016 for workers performing work covered by the Labor Agreement. Based upon the Employer reports submitted by Keeney, and after crediting all payments received to date, Keeney owes contributions in the amount of $113,689.61.

16. Liquidated damages have been assessed on the delinquent contributions, and despite demand remain unpaid. The amount currently assessed as and for liquidated damages, and not as a penalty, on the delinquent

contributions for the months of November 2014, and November 2015 through August 2016 is $20,504.02.

17. Plaintiff is informed and believes and upon that basis alleges that as a result of Keeney's failure to timely report and pay contributions for the months of November 2015 through August 2016 and in accordance with the terms of the Trust Agreement, interest has accrued and is continuing to accrue on all delinquent contributions from the dates due until the paid at the rate prescribed under Title 26 U.S.C. §6621.

18. Keeney has breached its obligation under the Agreements by failing to timely report and pay contributions and by failing to pay liquidated damages as well as accrued interest accessed upon delinquent contributions to the Trust.

19. Because of Defendant's failure to timely report and pay contributions, it has been necessary for Plaintiff to engage the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld to collect all amounts owed pursuant to the Agreements.

20. As a result of Defendant's breach of the Agreements, Plaintiff has been damaged in an amount equal to the delinquent contributions, the assessed liquidated damages, accrued interest, and reasonable attorneys' fees and all costs incurred in enforcing the terms of the Agreements.

21. Plaintiff has complied with all conditions precedent, if any, to be performed under the terms of the Agreements.

## SECOND CLAIM FOR RELIEF
### Violation of ERISA

23. Plaintiff hereby realleges each and every allegation contained in Paragraphs 1 through 21, as if fully set forth herein.

24. By failing to accurately report and pay contributions in accordance with the provisions of the Agreements, Keeney has violated section ERISA §515, 29 U.S. C. §1145. Therefore, in accordance with the terms of the Agreements and

pursuant to ERISA §§502(g)(2) and 515, 29 U.S.C. §§1132(g)(2) and 1145, Plaintiff is entitled to and hereby demands, all unpaid contributions determined to be due, an award of liquidated damages, and interest assessed on the unpaid contributions, reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Agreements and Trust Agreement and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiff prays for judgment against Keeney Truck Lines, Inc. also known as Keeney Truck Lines, a California corporation as follows:

**ON THE FIRST CLAIM FOR RELIEF**:

1. For all unpaid contributions owed for the period of February 2016 to date, according to proof;
2. For liquidated damages assessed on all unpaid contributions at the rate of ten percent (10%) or fifteen dollars, whichever is greater on all delinquent contributions;
3. For interest accruing on the delinquent contributions from due dates to the date of payment, according to proof;
4. For reasonable attorneys' fees incurred in prosecuting this action;
5. For costs of suit; and
6. For such other relief as the court deems appropriate.

**ON THE SECOND CLAIM FOR RELIEF**:

7. For all unpaid contributions for the period of February 2016 to date, according to proof;
8. For liquidated damages assessed on all unpaid contributions at the rate of ten percent (10%) or fifteen dollars, whichever is greater on all delinquent contributions;
9. For interest accruing on the delinquent contributions from due dates to the date of payment, in accordance with ERISA §502(g)(2);
10. For reasonable attorneys' fees incurred in prosecuting this action;

-6-
COMPLAINT

11. For costs of suit; and

12. For such other legal or equitable relief as the court deems appropriate in accordance with ERISA §502(g)(2)(E).

DATED: August 22, 2016

Kathryn J. Halford
Elizabeth Rosenfeld
Nicholas I. Starkman
**WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**

BY: /s/ *Kathryn J. Halford*
Kathryn J. Halford
Attorneys for Plaintiff, Board of Trustees of the Teamsters and Food Employers Security Trust Fund